**Chun LIU, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71123.
Agency No. A78–668–457.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 9, 2004.

Catherine Y. Wong, Baughman & Wang, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Lyle Jentzer Fax, DOJ—U.S. Department of Justice Civil Div., Office of Immigration Lit., Robbin K. Blaya, Esq., Washington, DC, for Respondent.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM**

Chun Liu, a native and citizen of China, petitions for review of the Board of Immigration Appeals' decision affirming the im-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

migration judge's ("IJ") denial of his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the IJ's conclusion that Liu did not establish a well-founded fear of future persecution on account of religion. *See Nagoulko v. INS*, 333 F.3d 1012, 1016–18 (9th Cir.2003) (denying asylum relief in part because petitioner's claim was "too speculative to be credited as a basis for fear of future persecution"). Accordingly, Liu failed to establish eligibility for asylum. *See id.*

Because Liu failed to establish eligibility for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

The IJ properly denied relief under CAT because Liu failed to demonstrate that it is more likely than not that he will be tortured if removed to China. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.